IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Frank Kolbe, *et al.*, | ) | CASE NO. 1:10 CV 2006 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| New York Community Bank, | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| | ) | |
| Defendant . | ) | |

This matter is before the Court on Plaintiffs' Motion to Remand. (ECF #5). For the reasons that follow, Plaintiffs' Motion to is GRANTED.

**FACTUAL BACKGROUND**

This action was filed in the Court of Common Pleas for Cuyahoga County, Ohio, by eight Plaintiffs against New York Community Bank ("NYCB"), the institution who acquired certain assets of AmTrust Bank after AmTrust was closed by the office of Thrift Supervision on or about December 4, 2009.[1] Complaint, ¶12. The Plaintiffs were employed by AmTrust Bank as loan officers or loan managers and were compensated with a base salary plus commissions pursuant to Commission Schedules. *Id*. at ¶¶15-16. The Plaintiffs were asked to stay on to assist NYCB in closing a number of loans on which AmTrust had already made commitments prior to December 4, 2009. *Id*. at ¶18. Plaintiffs worked with NYCB's loan processing department

---

[1] The Plaintiffs are citizens of Ohio and reside in Cuyahoga County, except for Plaintiff Scott Trepal who is a citizen of California. Complaint, ¶1-8. Defendant New York Community Bank is a New York Corporation. *Id*. at ¶10.

throughout December 2009 and January 2010 to close the AmTrust loans for the benefit of NYCB. *Id.* at ¶19. As such, Plaintiffs contend that they were entitled to the following commissions based upon the Commission Schedule that was in effect at AmTrust:

| | |
|---|---|
| Frank Kolbe | $14,125.29 |
| Michael Boling | $2,954.00 |
| Theresa Dieleman | $12,416.38 |
| David Gwatkin | $15,212.78 |
| Becky Mooney | $8,210.40 |
| Lawrence Moscovic | $5,246.10 |
| Scott Trepal | $11,691.82 |
| Martin Wilson | $10,559.05 |

*Id*. at ¶¶21-28. NYCB has refused to pay these commissions or otherwise compensate Plaintiffs. *Id*. at ¶¶36, 43, 53. Based upon these allegations, Plaintiffs allege claims of unjust enrichment, breach of implied contract and failure to pay commissions due under R.C. § 1335.11.

Defendant NYCB removed this action on September 10, 2010, asserting that this Court has diversity jurisdiction over this matter in that the citizenship of the parties is diverse and the amount in controversy, when the claims of all plaintiffs are aggregated, exceeds $75,000.

Plaintiffs moved to remand the action to state court on September 27, 2010. (ECF #5) asserting that the amount in controversy does not exceed $75,000 as required for diversity jurisdiction under 28 U.S.C. §1332(a) because claims of multiple plaintiffs cannot be aggregated to meet the jurisdictional requirement. Defendant responds that Plaintiffs' claims may be aggregated if they share a "common and undivided" interest in those claims, or alternatively, that

Plaintiffs' individual claims meet the $75,000 threshold once treble damages and attorneys fees are added.

## DISCUSSION

A defendant seeking to remove an action from state court has the burden of demonstrating that the federal court has subject matter jurisdiction. *See Danca v. Private Health Care Systems, Inc.*, 185 F.3d 1,4 (1st Cir. 1999). Moreover, courts strictly construe the removal statutes and all doubts are construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S. Ct. 868, 872, 85 L.Ed. 1214 (1941), *Keller v. Honeywell Protective Services*, 742 F. Supp. 425, 426 (N. D. Ohio 1990). Strict construction of the removal statutes is necessary because removal jurisdiction encroaches on a state court's jurisdiction. Thus, the Sixth Circuit has stated:

> in the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of §1446(b) should be resolved in favor of remand to the state courts.

*Brierly, v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999).

In order for this Court to have diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1), the matter in controversy must exceed the sum or value of $75,000 and be between citizens of different states. Moreover, the plaintiff's citizenship must be diverse from that of each named defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). If a federal court of competent jurisdiction determines a case lacks jurisdiction, the court must remand the case.

The Defendant asserts alternative bases to demonstrate that the amount in controversy exceeds $75,000. First, NYCB asserts that if the Plaintiffs' claims are aggregated, the amount in controversy would be $80,415.82 which would satisfy the jurisdictional requirement. It has long

been the rule that "plaintiffs with separate and distinct claims could not aggregate their respective 'matters in dispute' to establish federal jurisdiction." *Everett v. Verizon Wireless, Inc*., 460 F.3d 818, 823 (6th Cir. 2006) *citing Zahn v. Int'l Paper Co.*, 414 U.S. 291, 295 (1973). The only exception to this no aggregation rule is that plaintiffs may "unite to enforce a single title or right in which they have a common and undivided interest." *Snyder v. Harris*, 394 U.S. 332, 335 (1969). *See also Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir. 1983) ("The general rule is that while separate and distinct claims may not be aggregated, aggregation is permissible when two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest.")

In this case, each Plaintiff seeks a commission based upon the number and amount of the loans he or she worked on. Thus, each Plaintiff's claim is distinct. Accordingly, their claims are not common and they do not have an undivided interest in a single claim. As such, Plaintiffs' claims may not be aggregated to establish federal jurisdiction.

Next, Defendant argues that Plaintiffs' individual claims under R.C. § 1335.11 satisfy the amount in controversy once treble damages and attorneys fees are added.

As a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007); *Clark v. Nat. Travelers Life Ins. Co.,* 518 F.2d 1167, 1168 (6th Cir.1975) ("It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met."). In this case R.C. § 3511.11 provides for the award of attorneys fees and treble damages if certain requirements are met. Thus, attorneys

fees and treble damages may be considered in determining whether the jurisdictional amount has been reached. However, it is still Defendant's burden to show that it is more likely than not that at least one of the individual Plaintiff's claims exceeds $75,000 once treble damages and attorneys fees are added.[2]

Plaintiffs note that none of the individual claims exceed $75,000 even after they are trebled. The largest claim is that of Mr. Gwatkin. Once trebled, his claim is for $60,851.12. Defendant assumes that attorneys fees would be 30% based upon a contingency fee agreement. However, Plaintiffs note that § 3511.11 provides for the award of reasonable attorneys fees and that the "starting point for such a calculation is the lodestar, which is the product of hours billed and a reasonable hourly rate." *See Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007) (citation omitted). Based upon the average of Plaintiffs' counsels' billable rates, the Defendant would need to show that it is more likely than not that the Plaintiffs' counsel will spend at least 552 hours on this matter in order for Mr. Gwatkin's claim to exceed $75,000. Defendant has not submitted any evidence to support such a claim. If a federal court is in doubt of its jurisdiction, it must resolve such doubt in favor of state court jurisdiction. *Dawson v. Fidelity and Guarantee Insurance Co.*, 561 F.Supp.2d 914, 916 (N.D. Ohio 2008). As Defendant has failed to meet its burden, the Court finds that the jurisdictional amount in controversy required by 28 U.S.C. § 1332 (a)(1) has not been met.

Plaintiffs also seek costs and attorneys fees pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin*

---

[2] As Plaintiffs' claims may not be aggregated, attorneys fees may not be aggregated either.

*Capital Corp.*, 546 U.S. 132, 141 (2005).  While it was not objectively reasonable for Defendant to believe that Plaintiffs' claims could be aggregated to achieve the jurisdictional amount, it was objectively reasonable to assert that an individual plaintiff's claim may meet the jurisdictional requirement if treble damages and attorneys fees were considered.  Based on this finding, Plaintiffs' request for costs and attorneys fees is denied.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Remand (ECF #5) is granted and this case will be remanded to the Court of Common Pleas for Cuyahoga County, Ohio.  Plaintiffs' request for attorneys fees and costs is denied.

IT IS SO ORDERED.

                                                   */s/ Donald C. Nugent*
                                                   DONALD C. NUGENT
                                                   UNITED STATES DISTRICT JUDGE

DATED: December 3, 2010